**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENISA DIXON,** ) | 1:11-CV-01290 AWI JLT |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT** |
| ) | **WESBROOK'S AND DEFENDANT** |
| v. ) | **GRUNDIS'S MOTION TO DISMISS** |
| ) | |
| **OFFICERS WESBROOK, SARGENT** ) | **ORDER GRANTING DEFENDANT** |
| **GRUNDEIS, AND SIX BAIL BOND** ) | **FINANCIAL CASUALTY &** |
| **AGENTS WITH CAUSALITY SURETY** ) | **SURETY, INC.'S MOTION TO** |
| **INSURANCE BOND AGENTS(S) IN** ) | **DISMISS** |
| **THEIR OWN INDIVIDUAL** ) | |
| **CAPACITY, AND DOES 1 TO 50,** ) | **ORDER DISMISSING COMPLAINT** |
| ) | **WITH LEAVE TO AMEND** |
| Defendants. ) | |
| _____ ) | **(Documents #8 & #10)** |

**BACKGROUND**

On July 24, 2011, Plaintiff Denisa Dixon filed a first amended complaint ("complaint") in the Kern County Superior Court.  The complaint names as Officer Wesbrook, Sergeant Grundeis,[1] and six bail bond agents with Causality Surety as Defendants.  On August 4, 2011, Defendants Wesbrook and Grundeis removed the action to this court pursuant to 28 U.S.C. § 1441(b) because the complaint contains claims brought under 42 U.S.C. § 1983.

On August 11, 2011, Defendants Wesbrook and Grundeis filed a motion to dismiss.

On October 21, 2011, Defendant Financial Casualty & Surety, Inc. filed a motion to

---

[1] The complaint uses the spelling "Grundis".  However, in their motion, Defendants clarify that the correct spelling is "Grundeis".  The court will use this spelling.

dismiss.

On November 17, 2011, Plaintiff filed a document requesting the court take judicial notice. This document appears to be an opposition to Defendants' motions.

**ALLEGED FACTS**

The complaint alleges that Bail Hotline Bail Bonds, located on 1014 Chester Avenue in Bakersfield, California, payed agents to apprehend Keon Brackenridge. Keon Brackenridge used Plaintiff's address as his mailing address when he was bailed out by Robin Willis. When the agents came to Plaintiff's house to find Keon Brackenridge, they assaulted and forcefully searched Plaintiff's house. The complaint alleges that the agents entered her home without a warrant and against Plaintiff's protest. The complaint alleges that the agents did not identify themselves and assaulted Plaintiff. The complaint also alleges that the agents "fabricated and claim to be Federal Agents with a legitimate search warrant."

When the agents were in her house, the complaint alleges that Plaintiff called the Bakersfield Police Department Watch Commander and asked that Police Officers be sent to her home and for a copy of any search warrant. Defendants Wesbrook and Grundeis, from the Bakersfield Police Department, arrived at Plaintiff's house and refused to "Protect and Serve with deliberate indifference upon [Plaintiff's] calling the BPD for this State created agency violating [Plaintiff's] rights not to be assaulted and illegally searched." Plaintiff requested Defendants Wesbrook and Grundeis obtain the agent's names so she would be able to identify them in a lawsuit for violating her Constitutional rights. Because of an argumentative interaction with Defendants Wesbrook and Grundeis, the complaint alleges that Plaintiff was denied her Civil Rights and was not served or protected by the Bakersfield Police Department.

The complaint alleges that a Fugitive Recovery Agent is not a police officer and the insurer, Casualty Surety Insurance, is being served.

The complaint alleges that Keon Brackenridge was later apprehended at Ms. Willis's house.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S.Ct. at 1949.

In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

**A. Defendants Wesbrook and Grundeis**

Defendants Wesbrook and Grundeis contend that the complaint should be dismissed as to them because it does not contain sufficient allegations of a Constitutional violation. The complaint alleges that Defendants Wesbrook and Grundeis failed to "protect and serve" Plaintiff after the bail agents illegally searched her home and assaulted her. The complaint alleges that Defendants Wesbrook and Grundeis also failed to get the names of the agents so that Plaintiff would be able to identify them in a lawsuit.

Plaintiff brings this action, in part, under 42 U.S.C. § 1983. The Civil Rights Act, 42 U.S.C. § 1983, provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The first inquiry in any action brought pursuant to 42 U.S.C. § 1983 is whether the plaintiff has been deprived of a right secured by the Constitution and laws. Baker v. McCollan, 443 U.S. 137, 140 (1979); Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995). Here, Plaintiff contends that Defendants violated her due process rights.

The Due Process Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. DeShaney v. Winnebago County Dept. of Soc. Serv., 489 U.S. 189, 195 (1989). As such, the Due Process Clauses does not generally "confer an affirmative right to governmental aid to protect an individual's rights, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id. at 196; Johnson v. City of Seattle, 474

4

F.3d 634, 639 (9th Cir. 2007).  "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them."  DeShaney, 489 U.S. at 196-97.  In addition, the Due Process Clause is not implicated by an official's negligent act that results in unintended loss of or injury to life, liberty, or property.  Daniels v. Williams, 474 U.S. 327, 328 (1986); Alfrey v. U.S., 276 F.3d 557, 568 (2002).

Federal courts recognize two exceptions to the bright-line rule that state actors do not violate the Fourteenth Amendment by their inaction.  First, the Ninth Circuit has recognized a "danger creation" exception that occurs when "state action affirmatively places the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced."  Kennedy v. Ridgefield City, 439 F.3d 1055, 1061 (9th Cir. 2006); see also Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989).  Second, the "special relationship" exception applies where a state actor abuses a special state-created relationship with an individual, such as, when a person has been taken into state custody or is involuntarily hospitalized.  Morgan v. Gonzales, 495 F.3d 1084, 1093 (9th Cir. 2007).

The complaint fails to allege sufficient facts to state a plausible Section 1983 claim for a violation of Plaintiff's rights under the Fourteenth Amendment.    Police officers do not owe a duty to investigate allegations or arrest alleged criminals.  The complaint does not allege or describe a special relationship that existed between Plaintiff and Defendants Wesbrook and Grundeis. or that Defendants Wesbrook and Grundeis somehow created the danger causing or enhancing Plaintiff's injuries.  At best, Plaintiff has alleged inaction by Defendants Wesbrook and Grundeis. Inaction cannot be used to invoke a violation of the Constitution.  Accordingly, Plaintiff's Section 1983 claim against Defendants Wesbrook and Grundeis fails to state a claim.

**B.  Defendant Financial Casualty & Surety, Inc.**

Defendant Financial Casualty & Surety, Inc. requests that the complain be dismissed as to it because there are no allegations in the complaint concerning Defendant Financial Casualty &

Surety, Inc.'s alleged liability.  One sentence in the complaint mentions Defendant Financial Casualty & Surety, Inc.  It reads as follows:

> Fugitive Recovery Agent is not a police officer and the insurer Casualty Surety Insurance Co., 3131 East Side #600, Houston, Texas 77098; Phone no. 1-877-737-2245 is being served pursuant to California Rules of Court California Court Rule 1.21. Service(a)

The complaint does not allege how Defendant Financial Casualty & Surety, Inc. is involved in this action, let alone allege wrongdoing by Defendant Financial Casualty & Surety, Inc.  When reviewing a complaint on a motion to dismiss, the court is "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell, 266 F.3d at 988.  Thus, the complaint fails to state a claim against Defendant Financial Casualty & Surety, Inc.

In addition, the complaint contends that Defendant Financial Casualty & Surety, Inc., to the extent it is liable, is liable under Section 1983.  To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived her of rights secured by the Constitution or federal statutes.  West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  Action done by a private individual or private company is generally not done "under color of state law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).  A private actor's conduct is equivalent to government action only if there is a nexus between the State and the action such that "seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).  Here, nothing in the complaint alleges that Defendant Financial Casualty & Surety, Inc. was functioning as a state actor.  Thus, the complaint fails to state a Section 1983 claim against Defendant Financial Casualty & Surety, Inc.

**C.  Conclusion and Amendment**

The complaint must be dismissed for failure to state a claim.  When dismissing a complaint, the Ninth Circuit has found that leave to amend should be granted unless the court

6

finds that the complaint could not be saved by amendment.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).   The court cannot find that the complaint could not possibly be cured by amendment.  Plaintiff is advised that any amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support her claims.   Plaintiff must demonstrate how Defendants' actions resulted in a deprivation of Plaintiff's federal constitutional rights.   Plaintiff must allege in specific terms how each named defendant is involved.  In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended complaint complete.   Therefore, in any amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

## ORDER

Accordingly, the court ORDERS that:

1. Defendants Wesbrook and Grundeis's motion to dismiss is GRANTED;
2. Defendant Financial Casualty & Surety, Inc.'s motion to dismiss is GRANTED;
3. The complaint is DISMISSED without prejudice and with leave to amend; and
4. Any amended complaint must be filed within thirty days of this order's date of service.

IT IS SO ORDERED.

Dated:   December 19, 2011

CHIEF UNITED STATES DISTRICT JUDGE