IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISA DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICERS WESBROOK, SARGENT GRUNDEIS, AND SIX BAIL BOND AGENTS WITH CAUSALITY SURETY INSURANCE BOND AGENTS(S) IN THEIR OWN INDIVIDUAL CAPACITY, AND DOES 1 TO 50,<br><br>    Defendants. | 1:11-CV-01290 AWI JLT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**ORDER DISMISSING ACTION**<br><br>**(Documents #18 & #32)** |

## BACKGROUND

On July 24, 2011, Plaintiff Denisa Dixon filed a first amended complaint ("complaint") in the Kern County Superior Court. The complaint names as Officer Wesbrook, Sergeant Grundeis,[1] and Six Unknown Bail Bond Agents working for Financial Casualty & Security, Inc. as Defendants. On August 4, 2011, Defendants Wesbrook and Grundeis removed the action to this court pursuant to 28 U.S.C. § 1441(b) because the complaint contains claims brought under 42 U.S.C. § 1983.

On December 20, 2011, the court granted all Defendants' motions to dismiss. The court

---

[1] The complaint uses the spelling "Grundis". However, in their motion, Defendants clarify that the correct spelling is "Grundeis". The court will use this spelling.

dismissed the complaint with leave to amend the complaint.   Plaintiff was given thirty days in which to file a second amended complaint.

When Plaintiff did not file a second amended complaint within thirty days, on January 26, 2012, Defendants Wesbrook and Grundeis's filed a motion to dismiss this action for Plaintiff's failure to prosecute.

On March 12, 2012, Plaintiff filed a reply to Defendants' motion to dismiss.   In this document, Plaintiff appears to request additional time in which to file a second amended complaint.   Plaintiff argues that Defendants Wesbrook and Grundeis have made it difficult to file a second amended complaint because they have ignored Plaintiff's requests for the names of the Six Unknown Bail Bond Agents.

On March 13, 2012, Defendants Wesbrook and Grundeis filed a response to Plaintiff's reply.   Defendants again contend that Plaintiff failed to timely amend her complaint.   On March 13, 2012, Defendants Wesbrook and Grundeis also filed a notice that they had never received written discovery requests for the names of the Six Unknown Bail Bond Agents.

On April 24, 2012, the court received a second amended complaint from Plaintiff. Because no leave to file a late second amended complaint had been granted, the Clerk of the Court lodged the second amended complaint ("lodged second amended complaint").

On May 9, 2012, Defendants Wesbrook and Grundeis filed an objection / motion to strike the lodged second amended complaint because no leave of court had been granted to file a second amended complaint at this late date.   Defendants Wesbrook and Grundeis also contend that the lodged second amended complaint fails to contain any causes of action and it is merely a mixture of Plaintiff's factual allegations from the prior complaint and other documents.

On May 17, 2012, Defendant Financial Casualty & Surety, Inc. filed an objection / motion to strike the lodged second amended complaint.   Defendant Financial Casualty & Surety, Inc. contend that this action should be dismissed for Plaintiff's failure to prosecute.

2

**ALLEGED FACTS**[2]

The lodged second amended complaint alleges that Six Unknown Bail Bond Agents working for Defendant Financial Casualty & Surety, Inc. were attempting to apprehend Keon Brackenridge.  Keon Brackenridge (Plaintiff's son) had used Plaintiff's address as his mailing address; However, Robin Willis, and not Plaintiff, had arranged for him to be released on bail. The lodged second amended states that when the Six Unknown Bail Bond Agents came to Plaintiff's house to find Keon Brackenridge, they forcefully searched Plaintiff's house, causing property damage, and they physically assaulted Plaintiff.   The lodged second amended complaint alleges that the Six Unknown Bail Bond Agents violated California law governing bail agents, including California Penal Code § 1299.

When the Six Unknown Bail Bond Agents were in her house, Plaintiff alleges that she called the Bakersfield Police Department Watch Commander and asked that Police Officers be sent to her home to arrest the bounty hunters because they had fabricated and misrepresented themselves as legitimate Federal Agents with a warrant.   Defendants Wesbrook and Grundeis, from the Bakersfield Police Department arrived at Plaintiff's house.  Defendants Wesbrook and Grundeis spoke with Plaintiff as she took pictures.   Plaintiff requested Defendants Wesbrook and Grundeis to arrest the Six Unknown Bail Bond Agents or obtain their names so she would be able to identify them in a lawsuit for violating her Constitutional rights.   Defendants Wesbrook and Grundeis did not arrest the Six Unknown Bail Bond Agents.   It is unclear if they obtained their names; But, Plaintiff has never been given their names.   The lodged second amended complaint states that these acts are evidence of "deliberate indifference" upon Plaintiff.

//
//

---

[2] The facts are taken from Plaintiff's lodged second amended complaint.

**DISMISSAL FOR FAILURE TO PROSECUTE**

**A.   LEGAL STANDARD**

Defendants request that the court dismiss this action for Plaintiff's failure to file an amended complaint and failure to prosecute this action.  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).   In determining whether to dismiss an action for failure to comply with court orders, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B.   DISCUSSION**

The court finds that dismissal of this action for Plaintiff's failure to prosecute is appropriate.   The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.   "The public's interest in expeditious resolution of litigation always favors dismissal."   Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).   This action has been pending since August, 2011.   Even though Plaintiff was given thirty days in which to file a second amended complaint, Plaintiff did not attempt to file a second amended complaint until three months after it was due.   The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal so that the court's limited resources may be spent on cases

in which the litigant is diligently proceeding.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.  However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.  Pagtalunan, 291 F.3d at 642.  Defendants have requested dismissal for Plaintiff's failure to prosecute.  Based on Defendants' positions in their briefs, the court finds that this factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources.  As to this factor, Plaintiff has already been warned about the possibility of dismissal.  In addition, as discussed below, the court has reviewed Plaintiff's lodged second amended complaint, and it still fails to state a claim against Defendants.  There is no lessor sanction the court can give Plaintiff after she has been told about the complaint's pleading deficiencies and has still failed to submit a complaint that states a claim.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  In re PPA, 460 F.3d at 1228.  The court finds this factor has little influence given the factors supporting dismissal.  Thus, the complaint is subject to dismissal for Plaintiff's failure to timely comply with the court's order to file a second amended complaint.

**DISMISSAL FOR FAILURE TO STATE A CLAIM**

Normally, the court would simply dismiss this action for Plaintiff's failure to file a second amended complaint and failure to prosecute. However, Plaintiff has asked that the court give her leave to file a second amended complaint, and on April 24, 2012, Plaintiff lodged a proposed second amended complaint. In the interests of justice, the court will evaluate whether Plaintiff's lodged second amended complaint states a claim, and if this action could proceed on the April 24, 2012 lodged second amended complaint.

**A. Legal Standard – Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court is not required to accept as true facts and allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences. In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). As the Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

**B.   DISCUSSION**

    **1.  Defendants Wesbrook and Grundeis**

Defendants Wesbrook and Grundeis contend that the court should not proceed on the lodged second amended complaint because it does not contain sufficient allegations of a Constitutional violation.   The lodged second amended complaint alleges that Plaintiff asked Defendants Wesbrook and Grundeis for "the names and addresses of the Six Unknown bail bond bounty hunters and have [*sic.*] been treated unfair which is discriminating and could be racially motivated . . ."  Plaintiff alleges that Defendants Wesbrook and Grundeis:

> had a conversation as plaintiff took pictures as evidence that clear show BPD acts was affirmative act of their deliberate indifference upon Petitioner's calling the BPS for this State created agency violating Ms. Dixon rights not to be assaulted and illegally searched nor seized.

Plaintiff alleges that she asked Defendants Wesbrook and Grundeis to arrest the Six Unknown Bail Bond Agents for assaulting her and forcing their way into Plaintiff's home.  The lodged second amended complaint alleges that Defendants Wesbrook and Grundeis also failed to get the names of the Six Unknown Bail Bond Agents and provide them to Plaintiff.

Plaintiff brings this action, in part, under the Civil Rights Act, 42 U.S.C. § 1983.  Section 1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.   The first inquiry in any action brought pursuant to Section 1983 is whether the plaintiff has been deprived of a right secured by the Constitution and laws.  Baker v. McCollan, 443 U.S. 137, 140 (1979); Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995). Here, Plaintiff contends that Defendants violated her due process rights.

1    The Due Process Clause is a limitation on the state's power to act, and it is not a
2 guarantee of certain minimal levels of safety and security. DeShaney v. Winnebago County
3 Dept. of Soc. Serv., 489 U.S. 189, 195 (1989). As such, the Due Process Clauses does not
4 generally "confer an affirmative right to governmental aid to protect an individual's rights, even
5 where such aid may be necessary to secure life, liberty, or property interests of which the
6 government itself may not deprive the individual." Id. at 196; Johnson v. City of Seattle, 474
7 F.3d 634, 639 (9th Cir. 2007). "If the Due Process Clause does not require the State to provide
8 its citizens with particular protective services, it follows that the State cannot be held liable under
9 the Clause for injuries that could have been averted had it chosen to provide them." DeShaney,
10 489 U.S. at 196-97. The Due Process Clause is not implicated by an official's negligent act that
11 results in unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S.
12 327, 328 (1986); Alfrey v. U.S., 276 F.3d 557, 568 (2002).

13    Federal courts recognize only two exceptions to the bright-line rule that state actors do
14 not violate the Fourteenth Amendment by their inaction. First, the Ninth Circuit has recognized a
15 "danger creation" exception that occurs when "state action affirmatively places the plaintiff in a
16 position of danger, that is, where state action creates or exposes an individual to a danger which
17 he or she would not have otherwise faced." Kennedy v. Ridgefield City, 439 F.3d 1055, 1061
18 (9th Cir. 2006); see also Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989). Second, the "special
19 relationship" exception applies where a state actor abuses a special state-created relationship with
20 an individual, such as, when a person has been taken into state custody or is involuntarily
21 hospitalized. Morgan v. Gonzales, 495 F.3d 1084, 1093 (9th Cir. 2007).

22    The lodged second amended complaint fails to allege sufficient facts to state a plausible
23 violation of Plaintiff's Fourteenth Amendment rights. Police officers do not owe a duty to
24 investigate allegations or arrest persons simply because a citizen asks them to do so. The
25 complaint does not allege or describe a special relationship that existed between Plaintiff and
26 Defendants Wesbrook and Grundeis or that Defendants Wesbrook and Grundeis somehow

28                                                   8

created the danger causing or enhancing Plaintiff's injuries. At best, Plaintiff has alleged inaction by Defendants Wesbrook and Grundeis. Inaction cannot be used to invoke a violation of the Constitution. Accordingly, Plaintiff's Section 1983 claim against Defendants Wesbrook and Grundeis fails to state a claim.

### 2. Defendant Financial Casualty & Surety, Inc.

Plaintiff contends that the Six Unknown Bond Agents were acting under of color of state law because California Penal Code § 1299 provides specific rules governing bail bond agents. Plaintiff appears to allege that Defendant Financial Casualty & Surety, Inc. is liable for the Six Unknown Bond Agents' actions.

As stated above, the remedy for alleged violations of the Constitution is generally 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived her of rights secured by the Constitution or federal statutes. West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). The Supreme Court has held that a private party defendant acts "under color of" state law if the conduct qualifies as state action under the Fourteenth Amendment. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). Normally, private parties are not acting under color of state law, and as such, a cause of action under Section 1983 is not available. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The only way to proceed with an action against a corporation or private person for violations of the Constitution is to show that the corporation's action were fairly attributable to the federal or state government. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Lugar, 457 U.S. at 936; Mathis v. Pacific Gas and Elec. Co., 75 F.3d 498, 502 (9th Cir. 1996).[3] Thus, the

---

[3] An action by a private corporation is only attributable to the federal or state government if: (1) there is a sufficiently close nexus between the State and the challenged action of the entity so that the action of the latter may fairly be treated as that of the State itself; (2) the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State;" and (3) the entity exercised powers that are traditionally those of State. Blum v. Yaretsky, 457 U.S. 991, 1004- 12 (1982).

9

question is whether the defendant's "conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." Lugar, 457 U.S. at 937.

Action done by a private individual or private company is generally not done "under color of state law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). The Ninth Circuit has found that bounty hunters and bail bond agents are not state actors acting under color of state law for purposes of Section 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 558 ( 9th Cir. 1974) (en banc) see also United States v. Poe, 556 F.3d 1113, 1124(10th Cir. 2009); Landry v. A-Able Bonding, Inc., 75 F.3d 200, 204-206 & n. 3-5 (5th Cir.1996)[4]. "[T]he bail bondsman is in the business in order to make money and is not acting out of a high-minded sense of devotion to the administration of justice." Ouzts, 505 F.2d at 554-55.

The court does recognize that some courts outside the Ninth Circuit have held bail bond agents act under color of state law when they act in concert with police officers or in some other way attain the state's authority. See, e.g., Landry, 75 F.3d at 204 ("[t]he majority of federal courts that have addressed the state action issue in the context of bail bondsmen have based their decisions on whether the bondsmen enlisted the assistance of law enforcement officials in arresting their principals"); Jackson v. Pantazes, 810 F.2d 426, 429-30 (4th Cir. 1987) (finding state action where bondsman obtained aid from a police officer and relationship between bondsmen and State was interdependent). Not only does the lodged second amended complaint not allege any special relationship between Defendants, this court is also bound to Ninth Circuit precedent.

The Ninth Circuit has held that bounty hunters and bail bond agents who did ***not*** comply with the state statutes governing their actions are ***not*** acting under color of state law. Collins v. Womancare, 878 F.2d 1145, 1153 (9th Cir. 1989); Ouzts, 505 F.2d at 553-54; see also Hassett

---

[4] But see Jackson v. Pantazes, 810 F.2d 426, 429 (4th Cir.1987) (holding that bondsman was a state actor, where police officer assisted bondsman by gaining entrance to principal's residence, restraining an occupant of the residence, and serving warrants on an occupant of the residence).

v. Lemay Bank & Trust Co., 851 F.2d 1127, 1129 (8th Cir.1988) (finding private misuse of state statutes by private actor not sufficient under Section 1983); Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir.1984) (stating that a plaintiff's allegations that a private defendant abused a statute or state procedure does not describe conduct that is actionable under Section 1983). Plaintiff's allegations against Defendant Financial Casualty & Surety, Inc. and the Six Unknown Bail Bond Agents insist that they *did not* follow California law concerning bounty hunters and bail bond agents.  Because Plaintiff contends Defendants intentionally violated state law by failing to adhere to California Penal Code § 1299,  Plaintiff's allegations are antithetical to a claim that Defendants' actions are attributable to a state policy.  See Roudybush v. Zabel, 813 F.2d 173, 177 (8th Cir. 1987).  Thus, even assuming in some circumstances that bounty hunters and bail bond agents can be considered state actors, the complaint's allegations negate that Defendant Financial Casualty & Surety, Inc. and the Six Unknown Bail Bond Agents were state actors because they allegedly violated California law.  Thus, the complaint fails to state a Section 1983 claim against Defendant Financial Casualty & Surety, Inc.

**C.    Further Amendment**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir. 2012) (quoting Miller v. Yokohama Tire Corp., 358 F .3d 616, 622 (9th Cir. 2004)); Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

The court finds that further amendment is not appropriate in this case.  When dismissing the prior complaint, the court advised Plaintiff that any second amended complaint must be based

upon a well-founded belief that a cognizable or arguable legal theory exists that would support her claims. Not only was the lodged second amended complaint submitted three months late, it still fails to allege plausible claims against these Defendants. Thus, the court declines to give any further leave to amend.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motions to dismiss are GRANTED;
2. This action is DISMISSED for Plaintiff's failure to state a claim and failure to comply with the court's orders;
3. All pending motions are denied as moot; and
4. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   December 11, 2012

UNITED STATES DISTRICT JUDGE